SIDNEY A. FINLAYSON AND OTHERS v. NORTHFIELD
NATIONAL BANK AND ANOTHER.[1]

December 5, 1924.

No. 24,307.

**Mortgage and notes not a payment of loan secured by other real estate.**
1. The court found that the giving of new notes and a mortgage
securing the same was not a payment of one of the original loans
secured by a mortgage upon other real estate than that included in
the renewal mortgage. The finding has sufficient support in the
record.

**New trial denied.**
2. The errors assigned upon rulings at the trial do not warrant
granting a new trial.

Action in the district court for Rice county to cancel promissory
notes and to satisfy the mortgages securing them. The case was
tried before Senn, J., who dismissed the action. From an order
denying their motion for a new trial, plaintiffs appealed. Affirmed.

*A. B. Childress,* for appellants.
*C. P. Carpenter,* for respondents.

HOLT, J.
In this action to cancel as paid certain notes and to satisfy of
record the mortgage securing them, findings were in favor of de-
fendants. Plaintiffs appeal from the order refusing to amend the
same or to grant a new trial.

The short facts are these: In 1910 plaintiffs William and Char-
lotte Finlayson, farmers, owned a 240-acre farm, the title to 49
acres being in William and to 191 acres in Charlotte. In that year
their son Sidney bargained for 78.21 acres nearby, but had no
means to pay with. Defendant Schmidt furnished him the money,

[1]Reported in 200 N. W. 938.

$5,100, and received a note for the amount signed by Sidney, secured by a mortgage upon both the 78 acres bought and the parents' farm, executed by Sidney and the parents. To erect buildings on his farm, Sidney, in 1917, borrowed $3,840 of the defendant bank and gave his note and mortgage upon the farm to secure payment. Defendant Schmidt, during all the time herein referred to, was and still is president of defendant bank. About the due date of the last mortgage, and when the $5,100 note was long overdue, Sidney and his wife, on November 22, 1920, gave new notes for $8,940 secured by a mortgage on the 78-acre farm. The $3,840 note was then surrendered and the mortgage securing the same was thereafter satisfied. So far there is no dispute. Now plaintiffs claim that the debt represented by the $5,100 notes and mortgage was paid by the giving of the $8,940 notes and mortgage on November 22, 1920. This is denied by defendants, who contend that when this last transaction was had the father of Sidney was not present so that a renewal mortgage could be given upon the parents' farm, and therefore it was agreed that the $5,100 mortgage and notes should be held as collateral security by the bank for the $8,940 notes and mortgage, and the trial court so found.

If the evidence sustains the finding mentioned, the order must be affirmed. This was purely an issue of fact, depending upon whether the version of Mr. Schmidt and the cashier of the defendant bank was accepted as true or that of Sidney's wife and mother. The testimony of Sidney displayed such lack of memory and understanding as to be virtually worthless. Sidney's father was not present when the renewal transaction was had. He was 82 years old, and it is apparent from the few matters inquired of him that, if he had been present, he would not have recalled what took place. So that plaintiffs must rest their case upon the recollection of Sidney's wife and his mother, and, as might be expected, their testimony as to what was actually said between the parties when the new notes were given is not very certain or clear. We have not overlooked the fact that the $5,100 notes and mortgage ran to Schmidt, while the renewal notes and mortgage run to the bank. But that is merely a circumstance in plaintiffs' favor, of but little weight when the re-

lation of Schmidt to the bank is kept in mind. The original loan of $5,100 has never been paid, unless the $8,940 notes and mortgage were accepted in payment. And the testimony of Schmidt and the cashier appeals to one as reasonable, namely, the $5,100 notes and mortgage should be held as collateral until Sidney's parents could come in and give a mortgage upon their farm to secure the new notes, so that the renewal notes would have the same security as the old. Bankers are not prone to relinquish the securities they may have received upon loans. We cannot hold that the finding mentioned lacks sufficient evidence to support it.

It is claimed there could be no valid agreement that the bank could hold the $5,100 mortgage running to Schmidt as collateral security because William Finlayson was not present to consent. Even so, plaintiffs are not in position to demand satisfaction of that mortgage unless they proved that the giving of the new note of $8,940 was accepted as payment of the debt evidenced by the old notes. The court did not so find and the evidence did not compel such finding. The original debt is still wholly unpaid. The original notes of $5,100 and $3,840 were signed by Sidney alone, so is the renewal note. Therefore, the mortgage now sought to be satisfied was, strictly speaking, always collateral security. We are cited to no authority holding that, as a matter of law, the acceptance of a renewal note under the circumstances here disclosed pays the original notes. Unless by the transaction the $5,100 notes were paid, the court should not decree their cancelation nor satisfy the mortgage securing their payment.

Some complaint is made because the books of the bank are not in the record. Some books were in court and by agreement of counsel they were examined by the court. If in the books there was anything plaintiffs wished introduced, they could have offered the same. The books were available.

The only assignment of error in respect to rulings on the trial meriting notice, is that relating to the exclusion of testimony offered as to what Clyde, a brother of Sidney, paid for 160 acres adjoining the latter's 78 acres in October, 1919. The purpose was evidently to prove that the mortgage given by Sidney the following year upon

his 78 acres was ample security for the $8,940 renewal notes. No direct evidence of the then value of Sidney's farm was offered. Even had there been, such value would have so little bearing upon the question at issue that we fail to see any abuse of discretion in ruling it out. The objection interposed by defendant that evidence of value was inadmissible because not pleaded, was not good, but its exclusion is not sufficient ground for a new trial.

The order must be affirmed.